IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIWON WHITE,

      Plaintiff,                       No. CIV S-09-3475 FCD KJM P

   vs.

D. ERVIN, JR., et al.,

      Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Defendants in this action are the California Department of Corrections and Rehabilitation (CDCR) and certain employees. Plaintiff is a CDCR prisoner. Defendants removed this action to this court on December 16, 2009.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

1

of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his complaint, plaintiff complains about the fact that some of his personal property was taken by certain defendants.  While the taking of property without due process is prohibited by the Fourteenth Amendment, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Because plaintiff can present his claim for unauthorized deprivation of property in state court pursuant to California Government Code § 810 et seq., he has no federal violation of due process claim.

Plaintiff also asserts in his complaint that he was subjected to a strip search in the presence of women.  This claim also does not amount to a violation of plaintiff's Constitutional rights. See Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988) (isolated strip search in the presence of female officers does not amount to violation of inmate's limited right to privacy while in prison).

/////

/////

1        For these reasons, plaintiff's complaint fails to state any valid claims arising

2 under federal law.  Plaintiff himself suggests in his objections to removal, filed December 30,

3 2009, that he did not intend to raise a federal claim.

4        In light of the above, the court will recommend that this action be remanded to the

5 Superior Court of Sacramento County for proceedings on any claims arising under California

6 law because this court has no subject matter jurisdiction.  See 28 U.S.C. § 1330 et seq.; 28

7 U.S.C. § 1447(c).

8        Accordingly, IT IS HEREBY RECOMMENDED that this action be remanded to

9 the Superior Court of Sacramento County for proceedings on plaintiff's claims arising under

10 state law.

11        These findings and recommendations are submitted to the United States District

12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

13 one days after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties.  Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16 shall be served and filed within fourteen days after service of the objections.  The parties are

17 advised that failure to file objections within the specified time may waive the right to appeal the

18 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19 DATED:  June 4, 2010.

                                     U.S. MAGISTRATE JUDGE

22 1/mp
whit3475.rem(1.19.10)